OPINION of the Court, a writ of error to a
Judge Logan
This is a writ of error to a judgement of Pendleton county court; by which judgment the defendant in error is permitted to build a mill on the south fork of Licking, to erect a dam across said stream, and to have one acre of land laid off and granted to him for that purpose on the opposite side thereof, the alleged property of George M. Bibb.
It is declared by a law concerning mill dams, &c. passed February 22, 1797, when a person owning land on one side of a watercourse, “ the bed whereof belongs to himself or to the cdmmoMvealthJ desires to build a water grist mill thereon, and to erect a dam across the same, but shall not have a fee simple to the land on the other side against which to abut his dam, he shall ap- *2 plv to the county court for a writ of ad quod damnum, which, when granted, commands the sheriff to “ summon nnd cm panned tw elve fit persons, to meet upon the lands so proposed for the abutment,” &c.
The record of the coa.it> Iwve tGbuüd a müimuftrtite the bed of the propertjTof ⅞* applicant or in the^cucomon.. 8 ‘
This provision of the law seems, in the first place, to have intended that a person claiming the benefit of it should be the proprietor of one side at least of the watercourse where the mill was designed to be placed, and also of the “bed” of the stream, unless it belonged to the commonwealth, So guarded is the law of the greater interest of another who may own the land on one side and the bed of the stream, that it impliedly denies its aid to a person who owns the land on one side of the watercourse only where the mill is contemplated. Whilst the commonwealth yields her own right to the proprietor oh either side of the water, she excludes the person having the land on one side only, where there Is a supposed greater private right in another, including the bed of the Wafer with the land on the other sidfe thereof.
It appears by the refiord that Alvin Montjoy claims the land on one side of the stream where he proposes to bujjd his mill; and, as has been stated, George M. Bibb is represented as the proprietor of the land on the opposite side. It does not appear ⅛ the record who is sup-p0se(j (⅛ own the bed of the stream. It does not apPear ⅛¾1 the sai# Bibb, or any one in his behalf, was present to have set Up a claim thereto, or to object to ;lry part of the proceedings in thy case. If the bed of the watercourse belongs either to the said Alvin Mont-joy or to the commonwealth, this court is left to presume it» And whether it ought to presume the county court to have acted ri^ht, where it does not otherwise appear from the record, seems to have been settled in the case of Obannon v. Jackson, Pr. Dec. 235. In that case'the court says, “ it is manifest, from an inspection of the re¿ cord, that the law has not been pursued, inasmuch the record does not shew that the property in the bedoi the branch was in the commonwealth or in the applicant, without which, the county court ought not to have given leave tc? erect the mill.”
This court conceives that decision to apply to the present case. Among the errors assigned is one, tháí it is “ not set forth in any part of the proceedings that *3 the bed of the watercourse belongs either to the said Montjoy or to the commonwealth.1’
The return of the inqtiei! muft Chew that the jury were charged as tht law requires,
It is also assigned for error that the jury were not charged by the sheriff as the law directs, and that the, jury have not reported as by law they were required.
As that part of the proceedings, to which these errors apply, is in frequent use, and is of importance to private right as well as to public convenience ; and more especially, from a view to the manner- in which they must be conducted in the country by the sheriff and jury, the court deems it proper to decide them.
The third section of the law declares that the sheriff shall charge the jury impartially, and, to the best of their skill and judgment, to view, 8tc. and specifies particularly the subjects of that charge.
In this case, the court is not even left to presume that the sheriff performed his duty in his charge to the jury ; for the charge, as^given by him, is set forth in the record, and,appears not to be such as the law required. It omits several things which the law expressly directed the sheriff to charge the jury with.
The fourth section declares that “ the inquest so made and sealed by the jurors shall be returned by7 the sheriff to the court.” The expression “ so inade,y has evident reference to the things directed to be given the jury in charge, and which the law seems clearly to have intended to bring before the county court, by' the inquest of the jury in the first place.
But the 6th section declares that if, on such inquest, or other evidence, it, shall appear to the court that any of certain injuries therein enumerated (and which causes of injury were the peculiar subject of the inquest required) would result from the erection of the mill, the court “ shall not give leave to build such mill and dam but, says the law, “ if none of those injuries are likely to ensue, they shall then proceed to consider whether, all circumstances weighed, it be reasonable that suqh leave should be gives, and shall give or not give accordingly j and if given, they shall lay the party applying uouci- such conditions for preventing the obstruction, d .here will be, of the fish of passage and ordinary , ■ on, as to them shall seem right.”
' e t>.quest of the jury, the court conceives, ought to ' . en i dly stated and reported to the county court,, *4 and should appear to be substantially within the requisition of the law upon the several matters directed to be given them in charge, and upon which the county courts are required to give or refuse the leave to build the mill and dam ; and if given, to lay the applicant under such conditions to prevent the obstruction of fish of passage and ordinary navigation, as to the court shall seem right.
The inqueft (nuft inquire of mi make pofi-tive mention of 'the feveral matters required by taw to be given ⅛ charge. ’
The court is required to refuse the leave in certain cases, and to give it in others, but under restrictions, in which a discretion is given to the court. And it seems to this court, that the principal object of the law in requiring ⅜ jury to be empannJlcd, and their inquest to be returned to the county court, was to furnish that court with such information in matters of fact as is in Saw indispensable to an exercise of that discretion, if leave is given at all to erect the mill.
The record in this case shews the inquest of the jury not to have pursued the law : it omits to take any notice of several matters directed to be given them in charge, and which were essential for the consideration of the court through the report of the jury.
Judgment reversed.